## WILLIAM K. LEWIS & another *vs.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

Insurance against fire was effected on goods "contained in a granite store"; one of the walls gave way, and half of the store and the whole of the adjoining building fell; before there was time to remove the goods, fire broke out in that building. *Held*, that the insurers were liable for damage from fire, and from water used to extinguish it, to goods not displaced or injured by the fall.

ACTION OF CONTRACT upon a policy of insurance for $10,000 against fire, " on stock, steam engine and boiler, fixtures, furniture and safe, contained in the new granite store, No. 93 Broad Street, Boston, Massachusetts," subject to certain conditions of insurance annexed, by which " druggists and apothecaries " are enumerated among the " trades and occupations, goods, wares and merchandise denominated extrahazardous;" and " applications for insurance must specify the construction and materials of the building to be insured, or containing the property to be insured, and, in case of goods or merchandise, whether or not they are of the description denominated hazardous or extrahazardous; and a false description by the insured of a building or of its contents, or omitting to make known any fact or feature in the risk which increases the hazard of the same, shall render absolutely void a policy issuing upon such description." Trial in this court, before *Bigelow*, J., who made the following report thereof:

" The plaintiffs' said store No. 93 was separated from store No. 95 by a party wall of stone and brick.

" On the 22d of August 1854 this wall or the foundation thereof gave way, and the whole of store 95 and half of store 93, including the whole of the front wall of the latter store, fell and became a mass of ruins; while the other half of the plaintiffs' store was left standing, supported by a row of iron pillars, which prior to the accident ran through the middle of the plaintiffs' store for the purpose of supporting the floors thereof. Half the roof remained, and covered that portion of the store which remained standing after the accident.

" At the date of the policy, and at the time of the accident, the plaintiffs occupied the store as tenants, and had stock therein to the amount of seventy thousand dollars and upwards.

" Shortly after the accident above mentioned, with an interval stated by the witnesses to have been between fifteen and forty minutes, a fire (supposed to have been occasioned by the commingling of chemicals) broke out amongst the ruins of the adjoining store aforesaid (which had been used as a drug store); which fire communicated with and burned portions of that part of the plaintiffs' store which remained standing, and also partially burned and damaged some of the goods therein.

" For the purpose of extinguishing said fire, large quantities of water were thrown by the fire department of the city upon the ruins of store No. 95, and into and upon that part of the plaintiffs' store which remained standing, and upon the goods remaining therein, whereby the said stock of goods remaining in that portion of said store was damaged.

" No portion of the goods for which the plaintiffs claimed damage under the policy fell; nor were they injured, otherwise than by fire or water, or both.

" The jury, by order of the presiding judge, returned a verdict for the plaintiffs, which is to be set aside if in the opinion of the full court it cannot be sustained."

*H. W. Paine & D. Thaxter*, for the defendants. 1. The description " contained in the new granite store No. 93 " is a warranty that the property, while covered by the policy, shall be thus " contained " in said granite store. 1 Phil. Ins. §§ 757, 758, 866. *Wood* v. *Hartford Fire Ins. Co.* 13 Conn. 533. *Fowler* v. *Ætna Fire Ins. Co.* 6 Cow. 673, and 7 Wend. 270. *Wall* v. *East River Mutual Ins. Co.* 3 Selden, 370. Conditions of insurance annexed to the policy, *ante*, 159.

2. The stock, for injury to which the suit is brought, was not, at the time of the injury, " contained " in the store, within the meaning of the contract; for, by a true construction of the policy, " contained in " imports " protected by " the store. At the time of this fire the store had ceased to exist as a store · and it is immaterial how long the store fell before the fire. If

placing the goods on this mass of ruins is sufficient, then the plaintiff might recover if he had placed them there after the fire. [SHAW, C. J. Suppose the goods had been moved out to avoid the fire, would they not be within the description of and covered by the policy?] The fire would then be the proximate cause. If moved for any other purpose, they would not be covered by the policy.

*C. P. Curtis & C. P. Curtis, Jr.*, for the plaintiffs, cited *Stokes* v. *Cox*, 1 H. & N. 533; *Hillier* v. *Allegheny County Mutual Ins. Co.* 3 Barr, 470; *Case* v. *Hartford Fire Ins. Co.* 13 Ill. 676; *Scripture* v. *Lowell Mutual Fire Ins. Co.* 10 Cush. 365; *Nelson* v. *Suffolk Ins. Co.* 8 Cush. 477; *Montoya* v. *London Assurance Co.* 6 Exch. 457; *City Fire Ins. Co.* v. *Corlies*, 21 Wend. 367; *Pentz* v. *Receivers of Ætna Fire Ins. Co.* 9 Paige, 568; Angell on Ins. §§ 115 & seq.

MERRICK, J. In support of their objection to the direction which was given to the jury, and to the right of the plaintiffs to recover a verdict for any sum of money whatever upon the facts set forth in the report, the defendants assert and attempt to maintain, first, that in obtaining the insurance upon their stock the plaintiffs warranted that it then was, and thereafter should continue to be, contained in their store described in the policy; and secondly, that the stock which was injured was not contained therein at the time of the occurrence of the fire.

It is unnecessary to discuss or even to notice the first of these propositions, because there appears to be an entire failure to substantiate the second, without which it is not pretended that the former can afford any defence to the plaintiffs' action. All the plaintiffs' stock was in their store, just as the defendants contend they warranted that it should be, when the partition between their own and the adjoining store began to give way. That was the commencement of one common and general disaster. The fire, and the falling of the walls and of other parts of the two stores, which immediately followed, were not separate and independent events, but were merely parts and successive circumstances in the progress of a single calamity. Though the cause and origin of the fire may perhaps be satisfactorily conjectured,

14 *

the precise moment when it was kindled is not known ; but the interval which elapsed before it was discovered, after the crash of the buildings had been heard, was certainly very brief. The witnesses who testified of it varied in their estimate of its duration from fifteen to forty minutes. This slight difference of opinion on a mere matter of judgment of the lapse of time is really of no importance. The material fact is, that the flames broke out and burned the plaintiffs' goods before there could have been any possible interposition for their safety, and must thus be considered as having occurred substantially at the same time with the other incidents of the disaster. They were all blended together in one catastrophe, and constituted a single event, upon a due consideration of which the rights of all parties are to be determined.

As it is thus shown that the defendants cannot maintain one of the two propositions, both of which are indispensable to sustain their objection, the direction to the jury to return a verdict for the plaintiffs was correct, and judgment must accordingly be entered upon it.

*Judgment on the verdict for the plaintiffs.*